IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02859-NYW

MICHELLE LEE TENORIO,

    Plaintiff,

v.

CITY & COUNTY OF DENVER,

    Defendant.

---

# ORDER
---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on Plaintiff Michelle Lee Tenorio's ("Plaintiff" or "Ms. Tenorio") Motion for Appointment of Counsel (the "Motion") pursuant to 28 U.S.C. § 636(c). [#4, filed November 29, 2017]. Ms. Tenorio initiated this action on November 29, 2017, by filing a *pro se* form Title VII Complaint asserting unlawful discrimination on the basis of her national origin and age. *See generally* [#1]. The court denied Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, and directed Plaintiff to file the requisite $400 filing fee. [#6]. Plaintiff thereafter paid the $400 filing fee, and the court reassigned the matter to the undersigned Magistrate Judge pursuant to Local Rule 40.1. [#10]. The case and the pending Motion are now before the court pursuant to 28 U.S.C. 636(c) and the Order of Reference dated April 2, 2018. [#23]. Having reviewed the Motion, the case file, and the applicable law, I now DENY the Motion for the reasons stated below.

The determination of whether to appoint counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In

deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). Under Local Rule 15(f), the court considers the following factors in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the *pro se* party's claims; and 3) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f), Appointment Procedure under Civil Pro Bono Representation, http://www.cod.uscourts.gov/Portals/0/Documents/Announcements/2014-FINAL-Local%20Attorney%20Rule%2015.pdf. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

Plaintiff asks that the court appoint her counsel on the bases that "Employment Law is very difficult to represent without legal counsel, the many rules, deadlines and procedures are extremely complex for an individual without the knowledge and experience of the process." [#4]. Ms. Tenorio also asserts that her chances of success "are low" without counsel, that the merit of her claim(s) is high as she has evidence to corroborate the claims, that she has been unable to retain counsel by any other means, and that justice is served by appointment of counsel. *See* [*id.*]. Though cognizant of the challenges faced by a pro se plaintiff, I find that the Motion is premature at this time.

First, I note that Defendant City and County of Denver has filed its Answer to Ms. Tenorio's Complaint [#18], which indicates that she has articulated a claim that appears plausible on its face. [*Id.* at 1].[1] At this juncture, Ms. Tenorio does not need particular legal expertise or knowledge of the law to proceed with this matter. Indeed, this court has set a Status Conference, to be held April 17, 2018, at which how the court will discuss with the Parties the scheduling and pretrial proceedings of this case. Finally, I note that the legal issues and facts presented in the pleading are not uniquely complex, and it does not appear at this time that the merits of Plaintiff's claims warrant the appointment of volunteer counsel or that such an appointment is necessary to further the interests of justice.

Accordingly, IT IS ORDERED that Ms. Tenorio's Motion for Appointment of Counsel [#4] is **DENIED without prejudice**.

DATED: April 3, 2018

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[1] Because Plaintiff proceeds *pro se* she is entitled to a liberal construction of her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).